HEIRS OF PETRONA RIVERA, Plaintiffs and Appellants, *v.* ANASTACIO MANSO, Defendant and Appellee.

No. 8946. Argued November 9, 1944.—Decided March 8, 1945.

*R. Rivera Correa* for appellants.  *J. Ramírez Viñas* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is a suit for revendication of a one-third undivided interest in 8.10 *cuerdas* of land.  The plaintiffs constitute

the *Sucesión* of Petrona Rivera through whom they claim the said property.[1] The defendant answered, alleging that he had inherited the said land from his father, and that he and his father had possessed the land as owners for more than thirty years. He also set up as a special defense that he was entitled to a small co-ownership in the property. After a trial on the merits, the district court entered judgment for the defendant. This is an appeal from that judgment.

The plaintiffs assign as error the finding of fact of the district court that the defendant and his father, when their respective periods of possession are tacked, were in adverse possession of the property as owners thereof for more than thirty years.[2] We have examined the transcript of testimony carefully, and can find no basis on which to alter this finding of the lower court. Indeed, even without reference to the ample evidence of the defendant, the district court was warranted in reaching this conclusion from the testimony of the plaintiffs' own witnesses.

---

[1] The plaintiffs trace their alleged title as follows: the land was originally the community property of Bernardo Rivera and his wife, María de los Santos Romero. Bernardo died, leaving a widow and two brothers, Martín and Jacinto as his heirs. Martín then died, leaving Jacinto as his heir. When Jacinto died, he left as his heirs three legitimate children, one of whom was Petrona Rivera. The plaintiffs, eight of whom are legitimate children of Petrona and three of whom are her grandchildren, therefore claim one-third of one-half of the property, originally belonging to Bernardo as his share in the conjugal partnership. In this way, the plaintiffs assert their right to one-sixth of the land.

Also, María de los Santos Romero, when she died, left three nieces, one of whom was Petrona Rivera, who thus inherited one-third of the other half of the property, originally belonging to María de los Santos Romero. This constitutes the basis for the claim by the plaintiffs to another one-sixth of the property.

[2] Section 1859, Civil Code, 1930 ed.; *Teillard* v. *Teillard*, 18 P.R.R. 546, 551; *Estate of Lampón* v. *Estate of Rivera*, 16 P.R.R. 321, 327. See also, *Rivera et al* v. *Juncos Central Co.*, 31 P.R.R. 252; *González* v. *Roqué*, 47 P.R.R. 492; *Church* v. *Collazo*, 47 P.R.R. 600; *Rivera* v. *Santiago*, 56 P.R.R. 361; Manresa, Commentaries on the Spanish Civil Code, vol. 12, pp. 843–4. And see also § 1860 of the Civil Code, as to the right of the son to tack the possession of his father to his own period of possession.

&#9646; The plaintiffs next allege that the lower court erred in refusing to apply § 1865 of the Civil Code to the facts of the instant case. That Section reads as follows: "Among coheirs, co-owners or proprietors of adjacent estates, the action to demand the division of the inheritance, of the thing held in common, or the survey of the adjacent properties does not prescribe."

But this is not an action by a coheir, a co-owner, or an adjacent property owner for division of an inheritance, for division of something held in common, or for a survey of adjacent properties. Section 1865 therefore clearly does not apply to the present action for revendication of land.

&#9646; Nevertheless, although their brief does not make this clear, we assume that the plaintiffs also take the position that title can not be acquired by prescription as between co-owners. But this court has already held the contrary in a case in which the facts were strikingly similar to those found in the instant case. Provided the possession is adverse and as owner, we have held that a coheir or co-owner can acquire title to the common property by prescription. *Fernández* v. *Patxot,* 11 P.R.R. 540, 543.

&#9646; We add that, under the principle laid down in the *Patxot* case, even if this suit be considered as one for division among co-owners, it cannot prosper. The Supreme Court of Spain has held that the provision of § 1865 (§ 1965 of the Spanish Civil Code) that actions among co-owners for the common property do not prescribe is predicated on the continued possession in common (*de consuno*); therefore, when one of the co-owners or coheirs holds the property in question in exclusive adverse possession as owner for the required prescriptive period, § 1865 does not apply. *Sentencia de 22 de junio de 1904,* 98 J. C. 652; *Sentencia de 15 de enero de 1902,* 93 J. C. 652; *Sentencia de 6 junio de 1917,* 140 J. C. 534; Manresa, *supra,* vol. 12, pp. 858–9. See also, *Enciclopedia Jurídica Española,* vol. 25, pp. 443–4. This result seems reasonable in the light of § 1831 of our Civil Code

that "Persons qualified to acquire property or rights by other legal means may also acquire the same by prescription." See Manresa, *supra,* vol. 12, pp. 723–4.

██ The next error assigned is the action of the district court in admitting in evidence as an exhibit an instrument of sale of two or more *cuerdas* of the land involved herein by María de los Santos Romero to Francisco Manso, father of the defendant. But the district court found for the defendant on the ground of extraordinary prescription, for which no title is required. There is therefore no occasion to inquire into the probative value of the deed and its admission could not have been prejudicial error. By the same token, the lower court did not err in granting leave to the defendant to conform his answer to the evidence embodied in the said deed (Rule 15(*b*) of the Rules of Civil Procedure).

The judgment of the district court will be affirmed.